IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

KEITH ELMO DAVIS,                )
                                 )
            Petitioner,          )
                                 )
vs.                              )   Case No. CIV-08-235-JHP
                                 )
JUSTIN JONES, Director, Oklahoma )
Department of Corrections,       )
                                 )
            Respondent.          )

**<u>OPINION AND ORDER</u>**

This matter comes before the Court on petitioner's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254. Petitioner an inmate currently incarcerated at the Lawton Correctional Facility in Lawton, Oklahoma, attacks his conviction in the District Court of Latimer County, Case No. CF-04-65 for Count 1: Forcible Sodomy, in violation of 21 O.S.Supp.2002, § 888, and Count 2: Lewd or Indecent Proposal to a child under sixteen, in violation of 21 O.S.Supp.2002, § 1123(A)(1). In accordance with the jury's recommendation, Petitioner was, on October 20, 2005, sentenced to twenty years imprisonment on Count 1 and fifteen years imprisonment on Count 2. The trial Court ordered the sentences to be served consecutively. O.R. 205-206.

On direct appeal, the sole issue raised was whether the trial court had violated the Petitioner's Fifth Amendment rights by trying him following the granting of his motion for mistrial. On December 15, 2006, in an unpublished opinion, the Oklahoma Court of

Criminal Appeals affirmed the trial court's denial of Petitioner's Motion to Dismiss on double jeopardy grounds. Doc. 8-4.

On October 30, 2006, Petitioner filed an Application for Post-Conviction Relief in the District Court of Latimer County. Doc. 8-5. Because the appeal was still pending, the trial court dismissed the Application without prejudice to refiling after the conclusion of his appeal. Doc. 8-6, at p. 1. On January 3, 2007, Petitioner refiled his Application for Post-Conviction Relief in the District Court of Latimer County. Docs. 8-5 and 8-6. The Application for Post-Conviction Relief raised the following issues: 1) ineffective assistance of counsel for failing to ask for disqualification of a juror; 2) ineffective assistance of counsel for failing to advise the court of defendant's hearing impairment and failing to inform the court of the defendant's "mental capacity;" 3) the punishment imposed far exceeded the normal range of punishment; 4) deprivation of First Amendment rights due to unspecified health issues; 5) deprivation of privilege of right to submit exculpatory evidence; 6) ineffective assistance of counsel for failing to inquire into the defendant's social background; and 7) failure to allow defendant to introduce or analyze evidence that was stolen or lost while in possession of the sheriff was improper. *See*, Doc. 8-6. After considering each of these issues, on May 23, 2007, the trial court denied Petitioner's Application for Post-Conviction Relief. *Id.* No appeal was taken from this Order.

On December 31, 2007, Petitioner filed an "Amended/Supplemental Application for Post-Conviction Relief" in the District Court of Latimer County, which the court treated as a second application for post-conviction relief and on January 2, 2008 an Order was issued

denying relief thereon. Doc. 8-7. This Application raised the following issues: 1) denial of due process because defendant was charged, tried, convicted and sentenced under the wrong statutory provision; 2) jury instruction error deprived defendant of due process; 3) failure to determine competency to stand trial resulted in a conviction obtained while petitioner was incompetent; 4) denial of due process because of documented hearing loss which deprived the defendant of the opportunity to fully participate in his trial and assist his counsel in his defense; 5) trial court error for failing to grant a mistrial; 6) failure to excuse juror for cause deprived defendant of due process; 7) trial counsel was ineffective; and 8) ineffective assistance of appellate counsel. On January 24, 2008, Petitioner filed a direct appeal from the January 2nd Order denying post-conviction relief and on April 8, 2008, the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. Doc. 8-8. Petitioner now seeks relief from his sentence pursuant to 28 U.S.C. § 2254.

## I. RECORDS REVIEWED

This Court has reviewed (1) the Petition for Habeas Corpus; (2) the Response to the Petition filed by the State of Oklahoma; (3) the Reply filed by the Petitioner; (4) the state court records transmitted to this Court including: a) Original Records 1 - 207, hereinafter "O.R."[1]; b) Transcript of Excerpt Opening Statements and Tommy England Testimony dated February 10, 2005; c) Transcript of May 24, 2005; d) Transcript of Jury Trial held on May

---

[1] It should be noted that the index to the O.R. indicates the record contains pages 1 - 209. However, the last numbered page included in the O.R. and submitted to this Court is labeled 207. Additionally, there is an additional page entitled 'Request to Transmit Appeal Records" which is not numbered.

22 & 23, 2005, Volumes I and II; and, e) transcript of Sentencing held on October 21, 2005. Additionally, this Court has reviewed all documents attached to any pleadings filed herein.

## II. PETITIONER'S CLAIMS FOR RELIEF

In his Petition filed on June 27, 2008, Petitioner raises nine (9) grounds for relief. Doc. 1. Respondent filed a Response to the Petition by and through the Attorney General of the State of Oklahoma on August 15, 2008. Doc. 8. Specifically, Petitioner asserts the following errors entitle him to relief from custody: (1) Petitioner's Fifth Amendment double jeopardy rights were violated when he was subjected to a retrial after the Court granted his request for a mistrial during his first trial; (2) Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when he was charged, tried, convicted, and sentenced under the wrong statutory provision; (3) Petitioner's Fifth, Sixth and Fourteenth Amendment rights were violated when the trial court failed to instruct the jury on the 85% rule; (4) Petitioner's Fifth, Sixth and Fourteenth Amendment due process rights were violated because the trial court did not determine his competency to stand trial and he was tried while incompetent; (5) Petitioner was deprived of due process under the Fifth, Sixth and Fourteenth Amendments because he was not given the opportunity to fully participate in his trial and assist his counsel; (6) Petitioner's due process rights under the Fifth, Sixth and Fourteenth Amendments were violated when the trial court refused to grant a mistrial and instructions to jury were inadequate to cure the prejudicial effects of introduction of evidence; (7) Petitioner's due process rights under the Fifth, Sixth and Fourteenth Amendment were violated by refusal of trial court to excuse a juror for cause; (8) ineffective assistance of trial

4

counsel deprived Petitioner of his Sixth Amendment rights.; and (9) ineffective assistance of appellate counsel deprived Petitioner of his Sixth Amendment rights.

Respondent asserts the state court determination on the double jeopardy issue was neither contrary to nor an unreasonable application of Supreme Court law and Petitioner is not, therefore, entitled to relief on his first issue. Respondent claims this Court is procedurally barred from considering all of the remaining issues.

### III. STANDARD OF REVIEW

Under the Anti-Terrorism and Effective Death Penalty Act, this Court is precluded from granting habeas relief on any claim adjudicated on the merits by a state court

> unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

> As to the "unreasonable application" standard, . . . only the most serious misapplications of Supreme Court precedent will be a basis for relief under § 2254. . . . [A] decision is "objectively unreasonable" when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law. It is not enough that the decision is clearly wrong or that the reviewing court would have reached a contrary decision. . . . . [T]he state court decision must be at such tension with governing U.S. Supreme Court precedents, or so inadequately supported by the record, or so arbitrary as to be unreasonable.

*Sandoval v. Ulibarri*, 548 F.3d 902, 908 (10th Cir. 2008) (quoting *Maynard v. Boone*, 468 F.3d 665, 671 (10th Cir. 2006)), *cert. denied*, 549 U.S. 1285 (2007). Furthermore,

5

determinations of factual issues made by state courts are presumed correct and a habeas petitioner must rebut the presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**IV. DOUBLE JEOPARDY**

Petitioner alleges in his first ground for relief that the prosecutor "caused prejudicial evidence to be presented in variance to crime charged, then goaded trial counsel" into requesting a mistrial. Doc. 1, at p. 5. As a result, Petitioner claims his second trial was barred under the principles of double jeopardy.

As a general rule, where a mistrial is granted at the defendant's request double jeopardy will not act as a bar to retrial of the defendant. Where, however, the conduct, which gave rise to the motion for mistrial was intended to provoke the defendant into requesting a mistrial, was undertaken in bad faith and was designed to avoid an acquittal, the Double Jeopardy Clause bars retrial. *Oregon v. Kennedy*, 456 U.S. 667, 102 S.Ct. 2083, 72 L.Ed.2d 416 (1982). The defendant has the burden of proving that the conduct was undertaken by the prosecutor with the intent to provoke a mistrial and this is an "extremely exacting standard." *Earnest v. Dorsey*, 87 F.3d 1123, 1130 (10th Cir. 1996). Whether the Double Jeopardy clause bars retrial is a question of law. *Id*., at 1128. The state court's findings of fact regarding the issue of intent, however, will be presumed to be correct even if those facts are dispositive of the ultimate constitutional issue. *Id.*

In considering Petitioner's double jeopardy claim, the Oklahoma Court of Criminal Appeals held:

> In his sole proposition of error, Appellant claims he was twice placed in jeopardy for the same offense. The first trial in this matter ended in a mistrial, granted at Appellant's request. Appellant claims he was intentionally goaded into seeking the mistrial by the prosecutor's actions, and that retrial was barred under the Double Jeopardy Clause of the Fifth Amendment. We disagree.
>
> The State charged Appellant with two sex offenses committed against his two grandsons. The testimony of one grandson was at variance with the allegations in the initial Information; specifically, while the State initially alleged that Appellant had forced that complainant to perform oral sodomy on him (appellant), the testimony showed that in fact, Appellant had performed oral sodomy on the complainant. When appellant moved for a mistrial, the trial court granted the request. The prosecution then amended the Information to conform to the complainant's testimony at the first trial. Appellant timely objected to a retrial by filing a motion to dismiss on double jeopardy grounds. The trial court held a hearing on the matter.
>
> A defendant's motion for a mistrial constitutes a "deliberate election on his part to forgo his valued right to have his guilt or innocence determined before the first trier of fact." *Napier v. State*, 1991 OK CR 120, ¶ 11, 821 P.2d 1062, 1065. When a trial is terminated at the defendant's request, a retrial does not constitute double jeopardy unless the defendant was goaded into the request by the improper conduct of the prosecution. *Oregon v. Kennedy*, 456 U.S. 667, 672, 102 S.Ct. 2083, 2087 (1982); *Divans v. California*, 434 U.S. 1303, 1304, 98 S.Ct. 1 (1977). Here, the variance between the allegations and one complainant's testimony appears to have been nothing but an honest mistake, albeit a mistake that could have been remedied by better pretrial preparation. By granting the mistrial, the trial court ensured that Appellant had ample opportunity to prepare to defend against the complainant's allegations. Appellant has not shown that the prosecutor intentionally "goaded" him into requesting a mistrial. *Davis v. State*, 1999 OK CR 38, ¶ 15, 993 P2d 124, 127; *Brewer v. State*, 1986 OK CR 55, ¶ 6, 718 P.2d 354, 359. The trial court did not abuse its discretion in denying Appellant's motion to dismiss on double jeopardy grounds.

Doc. 8-4.

Petitioner does not attempt to rebut these factual findings. Rather, the only facts provided in support of his claim are: "In 1st trial, prosecutor caused prejudicial evidence to be presented in variance to crime charged, than goaded trial counsel into mistrial, in order

7

to gain unfair advantage of amended charge and second trial w/more favorable chance of conviction." Doc. 1 at p. 6.[2] Even construing Petitioner's claims liberally, *Haines v. Kerner*, 404 U.S. 519 (1972), this Court can not provide facts to support Petitioner's conclusory allegations. A review of Count 1 of the Amended Information, filed on January 14, 2005, establishes, at the time of the 1st trial, Petitioner was charged with

> . . . . the crime of **FORCIBLE SODOMY**, a felony, in violation of 21 O.S. 2001, § 888, by forcing T.L.E., a juvenile, to engage in penetration of the mouth of T.L.E., a juvenile, by the penis of Keith Elmo Davis when the victim was less than the age of 16; . . . .

O.R. 32. During the prosecutor's opening statement, the prosecutor indicated T.L.E. would testify that the defendant "gave Tommy head" to which defense counsel objected stating that such testimony would be a variance from the information. Tr. of 2/10/05, at p. 8. After the prosecutor indicated he was not sure exactly how the testimony would come out, the Court sustained the objection. *Id.*, at p. 9. At this point, defense counsel moved for a mistrial, which was denied. *Id.*, at p. 15. Thereafter, the victim was called to testify. Prior to the victim's testimony, defense counsel again objected to any testimony regarding the defendant putting his mouth on the victim's penis. *Id.*, at p. 16. After hearing that the testimony the victim was going to give all occurred on the same date as alleged in the information, the Court ruled the State could put on the evidence. *Id*. The victim proceeded to testify it was the Petitioner who performed oral sodomy on T.L.E. *Id.*, at pp. 32-33. When defense

---

[2] The printed page number on the Petition is "Page 6." The page number according to the CM/ECF header is "Page 5 of 44."

counsel again objected, the prosecutor indicated he did not "absolutely know" if there was additional evidence supporting Count 1 and he proceeded to ask a clarifying question, "[D]id your grandfather ever force you to perform oral sex or give him head during that time?" When T.L.E. responded negatively, the prosecutor advised the trial court he had no other evidence to support Count 1. *Id.*, at pp. 36-37. In defense of his actions, the prosecutor advised the court that you don't always know what a witness will say until they testify, that he was not absolutely sure what the witness would say and that it was his understanding of the case that at one time the way the action was pled was the way it actually had happened. *Id.*, at p. 42. In light of these facts, this Court finds Petitioner has failed to show the decision of the Oklahoma Court of Criminal Appeals is contrary to, or an unreasonable application of clearly established federal law, or that the decision regarding the intent of the prosecutor was based upon an unreasonable determination of the facts in light of the evidence presented in the state court. Accordingly, Petitioner is not entitled to relief on this issue.

## V. PROCEDURAL BAR

Respondent argues that this Court is procedurally barred from considering the remaining eight (8) grounds raised by Petitioner. In support of this argument, Respondent submits the Oklahoma Court of Criminal Appeals "Order Affirming Denial of Second Application for Post-Conviction Relief" filed on April 8, 2008. Doc. 8-8. Petitioner claims in his Reply that his showing of "cause" is predicated upon the failures of appellate counsel during his direct appeal and that this Court should consider the merits of the omitted appellate issues and then decide if appellate counsel was ineffective in failing to raise those issues. Doc. 17.

As a general rule, if a petitioner has failed to present a claim to the state courts in the manner prescribed by the procedural rules of the state, the state court may deem the claim defaulted. *Wainright v. Sykes*, 433 U.S. 72, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977). Where a state prisoner defaults his federal claims in state court based upon an independent and adequate state procedural rule, federal review of his habeas claims will be barred. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). If the state court's finding is separate and distinct from federal law, it will be considered "independent." *See Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S.Ct. 1087, 84 L.Ed.2d 53 (1985); *Duvall v. Reynolds*, 139 F.3d 768 (10th Cir. 1998), *cert. denied,* 525 U.S. 933, 119 S.Ct. 345, 142 L.Ed.2d 284 (1998). If the finding is applied "evenhandedly to all similar claims," it will be considered "adequate." *Maes v. Thomas*, 46 F.3d 979 (10th Cir. 1995), *cert. denied* 514 U.S. 1115, 115 S.Ct. 1972, 131 L.Ed.2d 861 (1995) (citing *Hathorn v.*

*Lovorn*, 457 U.S. 255, 263, 102 S.Ct. 2421, 2426, 72 L.Ed.2d 824 (1982)). Where the state-law default prevented the state court from reaching the merits of the federal claim, the claim ordinarily cannot be reviewed in the federal courts. *Ylst v. Nunnemaker*, 501 U.S. 797, 111 S.Ct. 2590, 115 L.Ed.2d 706 (1991). "Review is precluded 'unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.'" *See Breechen v. Reynolds*, 41 F.3d 1343, 1353 (10th Cir. 1994), *cert. denied*, 515 U.S. 1135, 115 S.Ct. 2564, 132 L.Ed.2d 817 (1995) and cases cited therein. As noted in *Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998), *cert. denied,* 525 U.S. 950, 119 S.Ct. 378, 142 L.Ed.2d 312 (1998), the procedural default rule is not a jurisdictional rule; rather, it is based upon the principles of comity and federalism.

In this case, Petitioner procedurally defaulted the issues raised in Grounds 2 thru 9 because he did not appeal from denial of his original post-conviction application. When Petitioner appealed the denial of his second post-conviction application, the Oklahoma Court of Criminal Appeals, in affirming the denial, held:

> "It has long been held the law in Oklahoma that post-conviction relief measures are not a substitute for a direct appeal." *Johnson v. State*, 1991 OK CR 124, ¶ 4, 823 P.2d 370, 372. Nor is it "the office of the Post-Conviction Procedure Act, 22 O.S. 1991, § 1080 *et seq.* to provide a second appeal under the mask of post-conviction application." *Thomas v. State*, 1994 OK CR 85, ¶ 3, 888 P.2d 522, 525. Claims that could have been raised upon direct appeal but were not are waived. *Woodruff v. State*, 1996 OK CR 5, ¶ 2, 910 P.2d 348, 350. Claims that could have been raised in a prior post-conviction application are also waived. *Berget v. State*, 1995 OK CR 66, ¶ 6, 907 P.2d 1078, 1081. Claims that were raised and decided in a petitioner's direct appeal or within a prior post-conviction proceeding are barred as res judicata. *Paxton v. State*,

> 1996 OK CR 4, ¶ 2, 910 P.2d 1059, 1061 (claims raised on direct appeal); *Jones v. State*, 1983 OK CR 127, ¶ 3, 668 P.2d 1170, 1171 (claims raised in prior application for post-conviction relief). This Court will not consider issues barred by res judicata or issues that have been waived. *Boyd v. State*, 1996 OK CR 12, ¶ 3, 915 P.2d 922, 924; *Stiles v. State*, 1995 OK CR 51, ¶ 2, 902 P.2d 1104, 1105.
>
> Petitioner argues it was error for the District Court to find these claims to be barred under the Post-Conviction Procedure Act, as 22 O.S.2001, § 1086, of that Act only bars post-conviction claims raised in "a subsequent application" for post-conviction relief. Because Section 1086 states, "All grounds for relief available to an applicant under this act must be raised in his original, supplemental or amended application," and because Appellant title his pleading "Amended/Supplemental Application for Post-Conviction Relief," he believes its asserted claims should not have been considered barred.
>
> Petitioner's original Application for Post-Conviction Relief was adjudicated by the District Court's May 23, 2007, judgment. Once the time for appeal lapsed, that judgment became final. Because final adjudication forecloses further litigation of the application, any amendment or supplementation of the adjudicated application is precluded. Accordingly, Petitioner has not shown error in the District Court treating Appellant's December 31, 2007, "Amended/Supplemental Application for Post-Conviction Relief" as Petitioner's second post-conviction application. Moreover, he has not demonstrated any error in the District Court having found the claims raised therein were procedurally barred under the Post-Conviction Procedure Act.

Doc. 8-8 at pp. 2-4 (footnotes omitted). The Oklahoma Court of Criminal Appeals denied relief for petitioner's failure to comply with procedural rules. This is an independent and adequate state ground that bars federal habeas review. *Coleman*, *supra*.

It appears Petitioner is alleging his cause for failing to raise the issues on appeal was ineffective assistance of appellate counsel and actual innocence. Petitioner could have, however, raised the issue of ineffective assistance of appellate counsel in his first state post-conviction application but he failed to do so. Thus, his claim for "cause" for procedural default of his underlying claim is an independent constitutional claim that should have been

12

exhausted. *See*, *Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000) (recognizing as adequate and independent Oklahoma's procedural bar applicable to ineffective-assistance claims petitioner failed to raise in initial state post-conviction proceedings), *cert. denied*, 531 U.S. 882, 121 S.Ct. 197, 148 L.Ed.2d 137 (2000). Having failed to demonstrate cause for his procedural default, the issue of prejudice need not be addressed. *See, Steele v. Young*, 11 F.3d 1518, 1522 n. 7 (10th Cir. 1993). Therefore, this Court finds Petitioner's claims 2 thru 9 are procedurally barred.³

Furthermore, Petitioner's Reply admits that he can not make a showing of "actual innocence." As a result, this Court finds Petitioner has failed to establish that application of the procedural bar will result in a fundamental miscarriage of justice. *See*, *Gilbert v. Scott*, 941 F.2d 1065, 1068 n. 2 (10th Cir. 1991). Since Petitioner has failed to make a colorable showing of factual innocence, relief can not be granted. *See*, *Herrera v. Collins*, 506 U.S. 390, 404, 113 S.Ct. 853, 862, 122 L.Ed.2d 203 (1993).

**ACCORDINGLY**, for the reasons stated herein, Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is hereby DENIED, and this action is, in all respects dismissed.

**IT IS SO ORDERED** this 20th day of October 2010.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

---

³These grounds are set forth on pp. 4-5 *supra*.